UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLA HOYTE )<br>    Plaintiff )<br> )<br>v. )<br> )<br> )<br>RECHECK FUNDING, LLC and JOHN DOE )<br>a/k/a PHIL HARRIS )<br>Defendants )<br> ) | CIVIL ACTION<br><br>COMPLAINT<br><br><br>JURY TRIAL CLAIMED<br><br><br>JUNE 9, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendant State claims for violation of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.* and for intentional infliction of emotional distress.

2. Plaintiff, Nicola Hoyte, is a natural person residing in Hartford, Connecticut and is a "consumer debtor" within the meaning of Conn. Gen. Stat § 36a-645(1).

3. Defendant Recheck Funding, LLC ("Recheck") is a Georgia Limited Liability company that purchases collection accounts from businesses and is a "creditor" within the meaning of Conn. Gen. Stat §36a-645(2)(a).

4. Defendant John Doe a/k/a Phil Harris ("Harris") is an employee of Recheck who works as a debt collector. Harris's identity and state of residence are not known to Plaintiff but is ascertainable in discovery.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

6. This Court has jurisdiction over Recheck because it engages in business activities within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

8. On or around early June, 2010, Plaintiff received a phone call from Harris at Recheck, indicating that she had exceeded the limit of a credit card, and that Recheck Funding had bought the debt and would be attempting to collect it.

9. Plaintiff had experienced prior incidents of identity theft and was unsure whether she had incurred the debt.

10. Plaintiff expressed her uncertainty to Harris, but ultimately decided to pay the debt because he threatened to garnish her wages and place a lien on any vehicle which she might own or acquire.

11. On or around June 29, 2010 Plaintiff entered an agreement with Recheck Funding where she agreed to pay a balance of $2938.19.

12. The terms of the agreement provided that Plaintiff would pay $200.00 on the 5th of each month, beginning July 5, 2010, and continuing until the debt was paid in full.

13. As part of the agreement, Recheck agreed to halt collection efforts so long as payments were made on time.

14. Plaintiff paid under the terms of the agreement through October 2010, when she began to experience financial difficulty.

15. On or around October 27, 2010, Plaintiff contacted Harris by email and requested, in light of her newly increased rent and upcoming student loan repayments, that Recheck allow her to reduce her monthly payment to $50.00 per month.

16. On or around October 29, 2010, Harris responded to Plaintiff's email. He requested Plaintiff's new address and indicated that Recheck would consent to reducing the monthly payment amount to $100.00 per month.

17. The same day, on or around October 29, 2010, Plaintiff responded by email and provided her new address. She reiterated her inability to pay an amount greater than $50.00 per month and inquired as to whether other options were available.

18. On or around November 3, 2010, Harris replied to Plaintiff's email stating that Plaintiff would "have to short pay something else," and indicating that Recheck would not agree to less than $100.00 per month, and that Plaintiff would have to make arrangements with another creditor.

19. None of the emails Plaintiff received communicated that Phil Harris was a debt collector and that any information obtained through the communications would be used for the purpose of collecting the debt.

20. On or around November 5, 2010 Plaintiff submitted a $50.00 payment to Recheck by a Money Order.

21. Recheck accepted the payment by cashing the money order.

22. On December 2, 2010, Recheck debited $423.25 from Plaintiff's Bank of America checking account. This amount reflected the entire balance of Plaintiff's account. Plaintiff's account was also debited for a Legal Order Fee in the amount of $75.64.

23. On December 3, 2010, Plaintiff's payroll check in the amount of $216.10 was deposited into her account. The same day, Plaintiff's account was debited for $216.10.

24. Plaintiff had not received any written or oral notice of Recheck's garnishment prior to the debits on December 2 and 3.

25. Upon noticing the debits, on December 3, 2010, Plaintiff called Harris to discuss the matter. Harris did not communicate to Plaintiff that he was a debt collector or that any information obtained would be used for the purpose of collecting the debt.

26. Harris yelled at Plaintiff, telling her "shut your mouth" and "be quiet" when she tried to speak.

27. When Plaintiff stated that she wanted to seek the advice of counsel, Harris yelled at her, and told her that she could not afford an attorney and that she should be more concerned with paying the debt than obtaining counsel.

28. On or around December 9th, 2010, Plaintiff received a letter from Recheck enclosing a copy of the Summons of Garnishment. The letter was postmarked December 6, 2010.

29. On or around December 9th, 2010, Plaintiff received two letters from Bank of America indicating that it had received Garnishments for Plaintiff's accounts. The letters were dated December 2, 2010 and postmarked December 6, 2010.

30. On January 3, 2011, Plaintiff's Bank of America Checking account was debited in the amount of $25.00 for an Attorney's Fee and $137.86 for a Legal Order Fee.

31. On or around January 10, 2011, Plaintiff received an email from Phil Harris indicating that her bank account had been garnished for failure to make payments as agreed in the Consent Judgment.

32. The email also indicated that if Plaintiff wished to avoid further action, she should pay $350.00 by January 15, 2011 and that failure to make this payment by January 15th would result in further collection action by Recheck.

33. The email did not indicate that the communication was from a debt collector or that any information obtained in the communication would be used for the purpose of collecting the debt.

34. Recheck and Harris have violated the FDCPA, the CCPA, and CUTPA, and they have committed the tort of intentional infliction of emotional distress, and they are liable for statutory, actual, and punitive damages and attorney's fees.

PLAINTIFF, NICOLA HOYTE,

By: /s/Daniel S. Blinn
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457