UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLA HOYTE,<br><br>            Plaintiff,<br>v.<br><br>RECHECK FUNDING LLC, and JOHN DOE,<br><br>            Defendants. | 3:11-cv-0927 (CSH) |

### RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

HAIGHT, Senior District Judge:

     Plaintiff Nicola Hoyte commenced this action against Defendants Recheck Funding, LLC ("Recheck Funding") and John Doe, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Connecticut's Creditor Collection Practices Act ("CCPA") Conn. Gen. Stat. § 36a-645 *et seq.*, and for intentional infliction of emotional distress on June 9, 2011.[1] The Defendants failed to answer, otherwise respond, or even appear in this action. On August 22, 2011, Hoyte voluntarily dismissed her claims against John Doe. An Order granting Hoyte's Motion for a Default Entry in accordance with Rule 55(a) was entered on August 24, 2011. Hoyte has now moved for default judgment and supplemented her motion with an affidavit from herself and a declaration from her counsel identifying the basis for the damages sought. [Doc. 11]. Hoyte

---

[1] The last paragraph of the Complaint also alleges that Recheck Funding violated CUTPA (presumably the Connecticut Unfair Trade Practices Act), but since it is not referenced anywhere else in the Complaint or in later briefing—particularly the Memorandum of Law in Support of Motion for Judgment [Doc. 11-1.]—the Court finds that Hoyte has not pled a CUPTA claim.

seeks actual damages of $238.50, statutory damages of $2,000,[2] and legal costs and attorneys' fees of $3,500 for a total damages of $5,738.50. For the following reasons, Hoyte's motion is **GRANTED**.

According to her complaint, Hoyte is a consumer debtor and Recheck Funding is a creditor under Connecticut's CCPA. Hoyte entered a payment agreement with Recheck on or around June 29, 2010. At the end of October 2010, Hoyte attempted to renegotiate her payment plan. Recheck Funding and Hoyte engaged in a series of communications in October and November of 2010, but no new agreement was made though Hoyte notes that Recheck Funding failed to identify itself as a debt collector or that such communications could be used for the purpose of collecting debt.

On November 5, 2010, Hoyte submitted a $50 payment to Recheck Funding via money order that was $150 short of the previously agreed monthly payment. Recheck Funding accepted payment by cashing the money order. The next month, on December 2, 2010, Recheck Funding debited $423.25 from Hoyte's checking account at Bank of America, which was her entire balance. Her account was also debited for a $75.64 "legal order fee" though it is not clear from the Complaint whether this fee was imposed by Bank of America or if it was debited by Recheck Funding. The following day, Hoyte's $216.10 paycheck was deposited in her account and was debited the same day, apparently by Recheck Funding.

Hoyte contacted Recheck Funding on  to discuss the garnishment, and once again the Recheck Funding worker failed to identify that he was a debt collector and any information obtained

---

[2] Plaintiff's motion requests statutory damages of $1,000; however, Plaintiff's Memorandum of Law in Support of Motion for Judgment appears to seek statutory damages of $1,000 under both the federal FDCPA and the state CCPA, asking the Court to aggregate the damages. The Court assumes for this Ruling that the Plaintiff is seeking a total of $2,000 in statutory damages.

would be used for the purpose of collecting the debt. During the conversation the worker "yelled at [Hoyte], telling her to 'shut your mouth' and 'be quiet" when she tried to speak." Complaint at 4. She was also told that she couldn't afford an attorney after Hoyte stated that she needed the advice of counsel.

Hoyte alleges that she had not received any notice from Recheck Funding about its intent to garnish her bank account until December 9, 2010 when she received a "summons of garnishment" postmarked December 6, 2010. Around December 9, 2010, Hoyte also received two letters from Bank of America notifying her that her accounts would be garnished. Hoyte's account was again debited on January 3, 2011 for a $25 "attorney's fee" and $137.86 "legal order fee."

Finally, the Complaint alleges that Hoyte received two more communications from Recheck Funding on January 10 and 15, 2011, notifying her that her account had been garnished for failure to make payments and that unless she made a payment of $350 she would be subject to "further collection action." *Id.* at 5.

The Complaint alleges that Recheck Funding violated the FDCPA, the CCPA, and committed the common law tort of intentional infliction of emotional distress. In the case of default, the Court accepts as true all factual allegations in the Complaint except those concerning damages. *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d. Cir. 2009). For damages, the Court must itself "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d. Cir. 1999) (citation omitted). The Court does not need to hold a hearing to determine damages as long as detailed affidavits or documentary evidence ensure there is sufficient evidence to determine damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

In support of its damages claim, Hoyte attaches an Affidavit of Debt of Nicola Hoyte [Doc. 11-2] and a Declaration of Daniel S. Blinn [Doc. 11-3] her counsel. Nothing in either document identifies or explains why Hoyte seeks $238.50 in actual damages. Nor does Hoyte provide any evidence of damages concerning the claim of intentional infliction of emotional distress. Therefore the Court does not order any actual damages.

Hoyte seeks statutory damages of $1,000 each for violations of the FDCPA and CCPA. Both statutes allow up to $1,000 for violations. 15 U.S.C. § 1692k(a)(2)(A); Conn. Gen. Stat. § 36a-648(a). As authority, Hoyte cites the Connecticut Supreme Court case *Jacobs v. Healy-Ford Subaru* which held that a plaintiff was entitled to statutory damages under two separate state statutory schemes because the provisions were not exclusive and did not conflict. 231 Conn. 707, 718-19 (1995). The Court finds no reason not to apply both statutory penalties and orders $2,000 in statutory damages. *See* 15 U.S.C. § 1692n (stating that the FDCPA "does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices ....")

In addition to the actual and statutory damages, Hoyte also seeks $3,500 in attorney's fees. The FDCPA provides for reasonable attorneys' fees. *Id.* at 1692k(a)(3). Attorney Blinn's Declaration provides the following description of his fees: (1) 2.5 hours of his time valued at $325 and $375 for a total of $905 (at an average of $362/hour); (2) 5.1 hours of his paralegal's time for a total of $726 (an hourly rate of $142.35/hour); (3) 7.7 hours of his law clerk's time for a total of $1155 (an hourly rate of $150/hour); and (4) 1 hour of his legal assistant's time for a total of $91.50. These fees total $2,877.50. Attorney Blinn also identifies $28.20 in expenses ands $479 in marshals' and court filing fees. The total fees and costs add up to $3,384.70. Based on the Court's familiarity

with fee awards in this District and the rates charged in this District by attorneys with similar skill and experience, the Court finds the requested rates reasonable. The Court also finds the requested hours to be reasonable. The Court awards $3,384.70 in attorneys' fees and cost.

Finally, Hoyte requests a post-judgment interest rate of 10% under Connecticut state law. The Court, however, sees no reason not to apply the federal standard of interest pursuant to 28 U.S.C. § 1961.

Plaintiff's Motion for Default Judgment is **GRANTED**, and Default judgment is hereby **ORDERED** against Defendant Recheck Funding, LLC in the amount of $5,384.70, plus statutory interest pursuant to 28 U.S.C. § 1961 accruing from the date that judgment is entered.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 1, 2011

                                             */s/ Chalres S. Haight, Jr.*
                                             Charles S. Haight, Jr.
                                             Senior United States District Judge