UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLA HOYTE,<br><br>            Plaintiff,<br>v.<br><br>RECHECK FUNDING LLC, and JOHN DOE,<br><br>            Defendants. | 3:11-cv-0927 (CSH) |

**RULING ON PLAINTIFF'S MOTION
FOR ORDER OF COMPLIANCE WITH POST-JUDGMENT DISCOVERY**

HAIGHT, Senior District Judge:

Plaintiff Nicola Hoyte (hereafter "Hoyte" or "Plaintiff") commenced this action against Defendants Recheck Funding, LLC (hereafter "Recheck Funding" or "Defendant") and John Doe, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Connecticut's Creditor Collection Practices Act ("CCPA") Conn. Gen. Stat. § 36a-645 *et seq.*, and for intentional infliction of emotional distress on June 9, 2011.[1]  Familiarity with the facts of this action are assumed.

The Defendants failed to answer, otherwise respond, or even appear in this action, and on August 22, 2011, Hoyte voluntarily dismissed her claims against John Doe.  An Order granting Hoyte's Motion for a Default Entry in accordance with Rule 55(a) was entered on August 24, 2011.

---

[1] The last paragraph of the Complaint also alleges that Recheck Funding violated CUTPA (presumably the Connecticut Unfair Trade Practices Act), but since it is not referenced anywhere else in the Complaint or in later briefing—particularly the Memorandum of Law in Support of Motion for Judgment [Doc. 11-1.]—the Court finds that Hoyte has not pled a CUPTA claim.

[Doc. 10]. Hoyte moved for default judgment and supplemented her motion with an affidavit from herself and a declaration from her counsel identifying the basis for the damages sought. [Doc. 11]. In her motion for default judgment, Hoyte sought actual damages of $238.50, statutory damages of $2,000, and legal costs and attorneys' fees of $3,500 for a total damages of $5,738.50. In a Ruling dated December 1, 2011, the Court granted Plaintiff Hoyte's motion for default judgment in its entirety, ordering default judgment against Defendant Recheck Funding in the amount of $5,384.70 plus a 10% statutory interest pursuant to 28 U.S.C. § 1961, accruing from the date that judgment was entered. [Doc. 12] at 5.

The Clerk entered default judgment against Defendant the following day, December 2, 2011. On January 6, 2012, Plaintiff filed a motion for appointment of person to serve process, [Doc. 15], which was amended twice. Hoyte's final amended motion for appointment of person to serve process was filed with the Court on March 14, 2012, [Doc. 23], and the Clerk issued an Order granting Plaintiff Hoyte's motion on March 15, 2012, appointing Marshal Brian Zito to serve the papers in question. [Doc. 24].

Plaintiff filed the Motion for Order of Compliance with Post-Judgment Discovery with which this Ruling is concerned – i.e., [Doc. 25] – on June 29, 2012, seeking pursuant to Fed. R. Civ. P. 37 and 69 that the Court issue an order compelling Defendant to respond to Plaintiff's Rule 69 Discovery Requests, dated May 22, 2012. *Id.* at 1. In this Motion, Plaintiff informed the Court that Redcheck Funding's response to the Rule 69 post-judgment interrogatories and production requests had been due on June 21, 2012, and yet Redcheck Funding had not yet responded. As it has not been otherwise informed, the Court assumes that Defendant has still not responded to these interrogatories, which were served over nine months ago. The Court also notes that on July 23,

2012, Marshal Brian Zito filed an Officer's Return to Court stating that the bank execution placed against the Defendant was being returned wholly unsatisfied as of July 18, 2012. [Doc. 26] at 1.

Fed. R. Civ. P. 69(a) provides in relevant part that in "aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a). Accordingly, a judgment creditor "is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located." *Integrated Control Systems, Inc. v. Ellcon-National, Inc.*, No. 3:00-CV-1295, 2002 WL 32506289 at *1 (D. Conn. May 21, 2002) (citation omitted). This standard "does not impose substantial limitations on permissible discovery, provided that the discovery sought ... is relevant to locating" a judgment debtor's "assets sufficient to satisfy the judgment." *Id.* at *2.

Plaintiff has provided the Court with the Rule 69 post-judgment discovery requests it mailed to Defendant on May 22, 2012, comprised of interrogatories and production requests. [Doc. 25-1]. After a thorough review, the Court finds that these requests in their entirety are appropriate and proper within the scope of Fed. R. Civ. P. 69(a) and accompanying law. Therefore, under the Court's authority to compel disclosure or discovery pursuant to Fed. R. Civ. P. 37, the Court ORDERS Defendant to answer Plaintiff's Rule 69 post-judgment discovery requests [Doc. 25-1] by Monday, April 15, 2013.

Plaintiff's Motion for Order of Compliance with Post-Judgment Discovery [Doc. 25] is

**GRANTED**, and Defendant is hereby **ORDERED** to answer Plaintiff's Rule 69 Discovery Requests [Doc. 25-1] by Monday, April 15, 2013.  Plaintiff is directed to serve a copy of this Ruling upon Defendant.

It is SO ORDERED.

Dated: New Haven, Connecticut
March 25, 2013

                                                */s/ Chalres S. Haight, Jr.*
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge